IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN EDMOND,**

  **Plaintiff,**

v.              Civil Action No. 2:05CV41
                 (Judge Maxwell)

**DOCTOR DORIS WILLIAMS;**
**PHYSICIAN ASSISTANT MARY BETH LICHTY;**
**HEALTH SERVICE ADMINISTRATOR JANET BUNTS;**
**WARDEN K.J. WENDT;**
**K.M. WHITE, Regional Director; and**
**HARRELL WATTS, Administrator National Inmate Appeals,**

  **Defendants.**

**REPORT AND RECOMMENDATION/OPINION**

**I. INTRODUCTION**

On May 16, 2005, the plaintiff, an inmate at FCI - Gilmer, Glenville, West Virginia, filed a *pro se* complaint against the above-named defendants in their individual capacities pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff seeks monetary damages against the defendants for violating his Eighth Amendment rights by denying him medical care for a chronic shoulder condition.

According to the plaintiff, on July 8, 2003, he saw an orthopedic surgeon for his shoulder condition, and he was advised to perform shoulder exercises to increase his strength. He states that he "has followed this orthopedic physician's treatment for over a year, which was of no help." (Complaint at 3). He alleges that on September 13, 2004, he advised Defendant Lichty that he was

experiencing pain hin his left shoulder and asked to see an "orthopedic doctor." Defendant Lichty denied his request. He then filed a complaint with Defendants Williams and Bunts about the denial of his request, but they did nothing.

He states that because of shoulder pain he cannot get into his top bunk and thus, sleeps on the floor.

On September 29, 2004, the plaintiff filed a Request for Administrative Remedy Informal Resolution. Defendant Lichty responded that on July 8, 2003, the plaintiff was seen by an orthopedist who recommended shoulder exercises, noted that the plaintiff's range of motion and strength were normal, and indicated that no follow-up was indicated. The plaintiff then filed a Request for Administrative Remedy. When that was unsuccessful, he filed a Regional Administrative Remedy Appeal. His appeal was denied. He then filed an unsuccessful Central Office Remedy Appeal. Now the plaintiff seeks relief in this Court.

This matter is pending before me for report and recommendation pursuant to LR PL P 83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A,[1] the undersigned concludes that the

---

[1] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
>> (i)   is frivolous or malicious;
>> (ii)  fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

complaint should be summarily dismissed because plaintiff fails to state a claim upon which relief can be granted.

## II. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. §1915, a civil action may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(i), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" under section 1915(e) if the facts alleged are clearly baseless. Denton, 504 U.S. at 32 (1992). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

"To avoid dismissal of suit as frivolous, in forma pauperis plaintiffs must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Further, an action is malicious when filed with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va.1997).

Additionally, "[c]ourts should not dismiss a complaint for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)(internal citations omitted). Further, when dismissing a civil rights complaint for failure to state a claim, the Court "must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Id. (internal citations omitted). However, courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)(internal citation omitted).

## B. Claims Against White, Wendt, and Watts

In a Bivens suit, liability is personal, based upon each defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted).

The plaintiff does not allege any personal involvement with his medical care by White, Wendt and Watts. Instead, he alleges that they did not overrule the decision of Defendant Lichty to not refer him to an orthopedic specialist. However, the Fourth Circuit has held that non-medical personnel may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F. 2d 848 (4th Cir. 1990).

Thus, the undersigned recommends that the plaintiff's complaint against White, Wendt, and

4

Watts be dismissed.

C. **Claims Against Williams, Lichty, and Bunts**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than

5

acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990); Norris v. Detrick, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997). Negligence or malpractice does not violate the Eighth Amendment. Estelle, 429 U.S. at 106.

The plaintiff's only complaint is that he wants to be evaluated by an orthopedic physician because he was last evaluated by an orthopedist in July 2003, and he still has pain. However, mere disagreement regarding medical treatment does not state an Eighth Amendment violation. Consequently, the undersigned finds that the plaintiff has failed to show that the defendants acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. Thus, the undersigned recommends that the plaintiff's complaint be dismissed for failure to state a claim.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the plaintiff's complaint be

dismissed pursuant to 28 U.S.C. §§1915 and 1915A for failure to state a claim.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff.

DATED: September 16, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE